# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ELEKTA LTD., and

WILLIAM BEAUMONT HOSPITAL,

                Plaintiffs,

v.

VARIAN MEDICAL SYSTEMS, INC.,

                Defendant.

Case No.:

United States District Judge

**DEMAND FOR JURY TRIAL**

## PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, Plaintiffs ELEKTA LTD., and WILLIAM BEAUMONT HOSPITAL (collectively, "Plaintiffs") hereby provide their Original Complaint for patent infringement under 35 U.S.C. § 271 against Defendant VARIAN MEDICAL SYSTEMS, INC. ("Varian" or "Defendant"). Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff Elekta Ltd. is a foreign entity organized and existing under the laws of the United Kingdom having its principal place of business at Linac House, Fleming Way, RH10 9RR Crawley, United Kingdom.

2.     Plaintiff William Beaumont Hospital is a nonprofit corporation organized and existing under the laws of Michigan having its principal place of business at 3601 West Thirteen Mile Road, Royal Oak, Michigan 48073.

3.     Upon information and belief, Defendant Varian Medical Systems, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 3100 Hansen Way, Palo Alto, California 94304.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, as amended, including 35 U.S.C. §§ 271 and 281-285. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Varian. By way of example and without limitation, upon information and belief, Varian, directly or through intermediaries, regularly and continuously engages in substantial sales and other business transactions in this Judicial District, and has sold infringing products and/or committed infringing acts in this Judicial District as described below and throughout this Complaint. By way of further example, and without limitation, upon information and belief, Varian has placed infringing products into the stream of commerce knowing and intending that this Judicial District was and is a likely destination of those products. For example, on information and belief, Varian has

caused infringing products to be provided to Henry Ford Hospital and Health System, McLaren Regional Medical Center and University of Michigan Hospital Center, all in this Judicial District.  Further, this Court has personal jurisdiction over Varian because it has caused injury to Plaintiffs in this Judicial District as described below and throughout this Complaint.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND ALLEGATIONS

7. On January 11, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,842,502 ("the '502 Patent"), titled "Cone Beam Computed Tomography With A Flat Panel Imager," to David A. Jaffray, John W. Wong and Jeffrey H. Siewerdesen.  A true and correct copy of the '502 Patent is attached hereto as Exhibit A.

8. On December 30, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,471,765 ("the '765 Patent"), titled "Cone Beam Computed Tomography With A Flat Panel Imager," to David A. Jaffray, John W. Wong and Jeffrey H. Siewerdesen.  A true and correct copy of the '765 Patent is attached hereto as Exhibit B.

9. On November 2, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,826,592 ("the '592 Patent"), titled "Cone-

Beam Computed Tomography With A Flat-Panel Imager," to David A. Jaffray, John W. Wong and Jeffrey H. Siewerdesen. A true and correct copy of the '592 Patent is attached hereto as Exhibit C.

10. The United States Patents identified in Paragraphs 7 through 9 above are collectively referred to herein as "the Patents-in-Suit."

11. The named inventors of the Patents-in-Suit have assigned their entire rights to and interests in the Patents-in-Suit to William Beaumont Hospital. Elekta Ltd. is the exclusive licensee of William Beaumont Hospital for the Patents-in-Suit. Accordingly Plaintiffs are the owner of all right, title, and interest in the Patents-in-Suit, including the right to sue and recover damages and equitable relief for their infringement.

12. Pursuant to 35 U.S.C. § 282, each claim of the Patents-in-Suit is presumed valid.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,842,502

13. Plaintiff incorporates by reference each preceding allegation as though expressly stated herein.

14. Varian is now and has been directly infringing claims of the '502 Patent, including at least claim 3, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, and

4

assemblies and components thereof, including but not limited to Varian's TrueBeam™ systems, without authority or license from Plaintiffs.

15. Varian is now and has been indirectly infringing claims of the '502 Patent, including at least claims 60 and 65, by active inducement under 35 U.S.C. § 271(b).

16. Varian gained knowledge of the '502 Patent at least as early as May 10, 2005, when the USPTO cited the '502 Patent in a Final Rejection of Varian's U.S. Patent Appl. No. 10/324,227, which is directed to Varian's products that embody cone beam computed tomography using a flat panel imager, including but not limited to Varian's TrueBeam™ systems. The rejection was based on the fact that the '502 Patent disclosed the same cone beam computed tomography flat panel imaging systems that were embodied in Varian's cone beam computed tomography flat panel imaging systems. Accordingly, Varian knew as of May 10, 2005 that intended uses of the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, including but not limited to the TrueBeam™ systems, would infringe the '502 Patent.

17. Upon information and belief, Varian has intended, and continues to intend, to induce patent infringement by third-party hospitals, hospital staff and physicians and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause

5

infringement. By way of example and without limitation, upon information and belief, Varian deliberately provides training and instruction materials to hospitals and physicians on how to use the infringing linear accelerators in an infringing manner, including but not limited to Varian's TrueBeam™ systems, to perform radiation therapy using linear accelerators equipped with cone beam computerized tomography flat panel imaging systems.

18. Upon information and belief, as a result of Varian's deliberate actions, third parties such as hospitals, hospital staff and physicians use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to directly infringe claims of the '502 Patent, including at least claims 60 and 65. For example, on information and belief, third parties such as Henry Ford Hospital and Health System, McLaren Regional Medical Center and University of Michigan Hospital Center, and hospital staff and physicians, use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to provide radiation therapy to patients in an infringing manner.

19. Varian is now and has been indirectly infringing claims of the '502 Patent, including at least claims 60 and 65, by contributory infringement under 35 U.S.C. § 271(c).

20. Upon information and belief, Varian was aware of the '502 Patent at least as early as May 10, 2005, as recited in paragraph 16 above, and accordingly, Varian knew that the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, including but not limited to the TrueBeam™ systems, were made or adapted to infringe the '502 Patent.

21. Upon information and belief, Varian provides to hospitals, hospital staff and physicians linear accelerators equipped with cone beam computerized tomography flat panel imaging systems that constitute a material part of the claimed invention and have no substantial non-infringing uses.  For example, upon information and belief, Varian's linear accelerators are delivered to hospitals specifically programmed to provide cone beam computerized tomography flat panel imaging capabilities.

22. Upon information and belief, one or more third parties such as hospitals, hospital staff and physicians use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to directly infringe claims of the '502 Patent, including at least claims 60 and 65.  For example, upon information and belief, third parties such as Henry Ford Hospital and Health System, McLaren Regional Medical Center and University of Michigan Hospital Center, and hospital staff and physicians, use the infringing linear

accelerators equipped with cone beam computerized tomography flat panel imaging systems to provide radiation therapy to patients in an infringing manner.

23. Upon information and belief, Varian has been and still is willfully infringing the '502 Patent. At least as early as May 10, 2005, Varian had actual knowledge of the '502 Patent, as recited in paragraph 16 above. Despite having actual knowledge of the '502 Patent, Varian has continued to willfully, wantonly, and deliberately infringe the '502 Patent. Accordingly, Plaintiffs seek enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and expenses.

24. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '502 Patent.

25. As a result of Varian's infringement of the '502 Patent, Plaintiffs have suffered monetary damages in an amount to be determined at trial, which must be adequate to compensate for Varian's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

26. Varian's infringement of the '502 Patent has caused, and is causing, irreparable harm to Plaintiffs. Unless a permanent injunction is issued enjoining Varian and its agents, servants, employees, representatives, affiliates, and all others

acting or in active concert therewith from infringing the '502 Patent, Plaintiffs will continue to be greatly and irreparably harmed.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,471,765

27. Plaintiff incorporates by reference each preceding allegation as though expressly stated herein.

28. Varian is now and has been directly infringing claims of the '765 Patent, including at least claims 1 and 3, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, and assemblies and components thereof, including but not limited to Varian's TrueBeam™ systems, without authority or license from Plaintiffs.

29. Varian is now and has been indirectly infringing claims of the '765 Patent, including at least claims 14 and 15, by active inducement under 35 U.S.C. § 271(b).

30. Upon information and belief, Varian gained knowledge of the '765 Patent at least as early as the issue date of the '765 Patent, on December 30, 2008. The '765 Patent is a continuation of Application No. 09/788,335, now the '502 Patent. As of December 30, 2008, Varian was continuing to prosecute its application in which the parent '502 Patent had been cited. Accordingly, upon information and belief, Varian continued to monitor and was aware of issued patents and published patent

9

applications relating to the '502 Patent. Therefore, Varian knew as of December 30, 2008 that intended uses of the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, including but not limited to the TrueBeam™ systems, would infringe the '765 Patent.

31. Upon information and belief, Varian has intended, and continues to intend, to induce patent infringement by third-party hospitals, hospital staff and physicians and has had knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example and without limitation, upon information and belief, Varian deliberately provides training and instruction materials to hospitals and physicians on how to use the infringing linear accelerators in an infringing manner, including but not limited to Varian's TrueBeam™ systems, to perform radiation therapy using linear accelerators equipped with cone beam computerized tomography flat panel imaging systems.

32. Upon information and belief, as a result of Varian's deliberate actions, third parties such as hospitals, hospital staff and physicians use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to directly infringe claims of the '765 Patent, including at least claims 14 and 15. For example, upon information and belief, third parties such as Henry Ford Hospital and Health System, McLaren Regional Medical Center and

University of Michigan Hospital Center, and hospital staff and physicians, use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to provide radiation therapy to patients in an infringing manner.

33. Varian is now and has been indirectly infringing claims of the '765 Patent, including at least claims 14 and 15, by contributory infringement under 35 U.S.C. § 271(c).

34. Upon information and belief, Varian was aware of the '765 Patent at least as early as December 30, 2008, as recited in paragraph 30 above, and accordingly, Varian knew that the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, including but not limited to the TrueBeam™ systems, were made or adapted to infringe the '765 Patent.

35. Upon information and belief, Varian provides to hospitals, hospital staff and physicians linear accelerators equipped with cone beam computerized tomography flat panel imaging systems that constitute a material part of the claimed invention and have no substantial non-infringing uses. For example, upon information and belief, Varian's linear accelerators are delivered to hospitals specifically programmed to provide cone beam computerized tomography flat panel imaging capabilities.

36. Upon information and belief, one or more third parties such as hospitals, hospital staff and physicians use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to directly infringe claims of the '765 Patent, including at least claims 14 and 15. For example, upon information and belief, third parties such as Henry Ford Hospital and Health System, McLaren Regional Medical Center and University of Michigan Hospital Center, and hospital staff and physicians, use the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems to provide radiation therapy to patients in an infringing manner.

37. Upon information and belief, Varian has been and still is willfully infringing the '765 Patent. At least as early as December 30, 2008, Varian had actual knowledge of the '765 Patent, as recited in paragraph 30 above. Despite having actual knowledge of the '765 Patent, Varian has continued to willfully, wantonly, and deliberately infringe the '765 Patent. Accordingly, Plaintiffs seek enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and expenses.

38. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '765 Patent.

39. As a result of Varian's infringement of the '765 Patent, Plaintiffs have suffered monetary damages in an amount to be determined at trial, which must be adequate to compensate for Varian's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

40. Varian's infringement of the '765 Patent has caused, and is causing, irreparable harm to Plaintiffs. Unless a permanent injunction is issued enjoining Varian and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '765 Patent, Plaintiffs will continue to be greatly and irreparably harmed.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,826,592

41. Plaintiff incorporates by reference each preceding allegation as though expressly stated herein.

42. Varian is now and has been directly infringing claims of the '592 Patent, including at least claim 25, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, and assemblies and components thereof, including but not limited to Varian's TrueBeam™ systems, without authority or license from Plaintiffs.

43. Upon information and belief, Varian gained knowledge of the '592 Patent at least as early as the issue date of the '592 Patent, on November 2, 2010. The '592

Patent is a division of Application No. 11/023,037, now the '765 Patent, which is a continuation of Application No. 09/788,335, now the '502 Patent. As of November 2, 2010, Varian was continuing to prosecute its application in which the parent '502 Patent had been cited. Accordingly, upon information and belief, Varian continued to monitor and was aware of issued patents and published patent applications relating to the '502 Patent. Therefore, Varian knew as of November 2, 2010 that intended uses of the infringing linear accelerators equipped with cone beam computerized tomography flat panel imaging systems, including but not limited to the TrueBeam™ systems, would infringe the '592 Patent.

44. Upon information and belief, Varian has been and still is willfully infringing the '592 Patent. At least as early as November 2, 2010, Varian had actual knowledge of the '592 Patent, as recited in paragraph 43 above. Despite having actual knowledge of the '592 Patent, Varian has continued to willfully, wantonly, and deliberately infringe the '592 Patent. Accordingly, Plaintiffs seek enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and expenses.

45. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '592 Patent.

46. As a result of Varian's infringement of the '592 Patent, Plaintiffs have suffered monetary damages in an amount to be determined at trial, which must be adequate to compensate for Varian's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

47. Varian's infringement of the '592 Patent has caused, and is causing, irreparable harm to Plaintiffs. Unless a permanent injunction is issued enjoining Varian and its agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '592 Patent, Plaintiffs will continue to be greatly and irreparably harmed.

## DEMAND FOR A JURY TRIAL

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order that:

   a. Varian has directly infringed the Patents-in-Suit and/or induced the infringement of the Patents-in-Suit, and/or contributed to the infringement of the Patents-in-Suit;

   b. Varian's infringement of the Patents-in-Suit has been willful and deliberate;

    c. Varian and its officers, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or participation with Varian, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, and/or contributing to the infringement of the Patents-in-Suit;

    d. Plaintiffs be awarded damages adequate to compensate for Varian's infringement of the Patents-in-suit together with pre-judgment and post-judgment interest pursuant to 35 U.S.C. § 284;

    e. This is an exceptional case entitling Plaintiffs to their reasonable costs, expenses and attorneys' fees, as well as treble damages in this action in accordance with 35 U.S.C. §§ 284 and 285; and

    f. Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

Dated:  June 16, 2015                              Respectfully submitted,

| | |
|---|---|
| Of Counsel: | /s/J. Michael Huget |
| Theresa M. Gillis | J. Michael Huget |
| tgillis@mayerbrown.com | mhuget@honigman.com |
| Brian A. Rosenthal | HONIGMAN MILLER SCHWARTZ AND |
| brosenthal@mayerbrown.com | COHN LLP |
| B. Clayton McCraw | 130 S. First Street |
| cmccraw@mayerbrown.com | 4th Floor |
| MAYER BROWN LLP | Ann Arbor, MI 48104 |
| 1221 Avenue of the Americas | (734) 418-4254 \| Tel |
| New York, NY 10011 | (734) 418-4255 \| Fax |

(212) 506-2500 | Tel
(212) 262-1910 | Fax

Amanda K. Streff
astreff@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 782-0600 | Tel
(312) 701-7711 | Fax

*/s/ Andrew S. Rosenman*
Andrew S. Rosenman
arosenman@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
(312) 701-8744 | Tel
(312) 706-8775 | Fax

*Attorney for Plaintiffs*