UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELEKTA LTD. and
WILLIAM BEAUMONT HOSPITAL,

    Plaintiffs,

vs.                                                                                      Case No. 15-12169

VARIAN MEDICAL SYSTEMS, INC.,                    HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER STAYING PROCEEDINGS

I.

This is a patent case. Plaintiffs Elekta Ltd. (Elekta) and William Beaumont Hospital (Beaumont) are suing defendant Varian Medical Systems, Inc. (Varian) claiming direct and indirect infringement of three patents, all titled "Cone Beam Computed Technology with a Flat Panel Imager." The patents were developed by physicians at Beaumont. Elekta is the exclusive licensee of the patents-in-suit, and provides the patented technology to Beaumont's Michigan hospitals. The papers describe that the patented technology as "linear accelerators" which provide "precise radiation cancer therapy, yet prevents destruction of healthy surrounding tissue, through the use of cone beam computed tomography and flat-panel imaging systems." Elekta and Beaumont assert that Varian knew of the patented technology before they made a competing product, which uses the patented technology, and sold it to other hospitals, including Henry Ford, McLaren, and the University of Michigan. Elekta and Beaumont further allege that Varian trained hospital staff in how to use the produce, thereby

inducing infringement by third parties.

II.

Before the Court is Varian's motion to dismiss for improper venue or, in the alternative, to transfer the case to the Northern District of California. (Doc. 11). As noted in the papers, the primary issue presented in the motion is presently before the Court of Appeals for the Federal Circuit on mandamus. See In re: TC Heartland, LLC, No. 15-000105 (Fed. Cir. Oct. 26, 2015). That is, whether 28 U.S.C. § 1400(b)[1] is sole statute for purposes of determining a defendant's residency in a patent case or is it supplemented by the residency requirements under 28 U.S.C.§ 1391(c) as held in VE Holding Corp. v. Johnson Gas Appliance Co., 917 F. 2d 1574 (Fed. Cir. 1990).[2]

Under the circumstances, the prudent course is to stay proceedings pending the Federal Circuit's decision in TC Heartland. The parties shall promptly advise the Court of the Federal Circuit's decision.

---

[1]Section 1400(b) provides:
Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

[2]Section 1391(c) provides:
For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Accordingly, proceedings in this matter are STAYED until further order of the Court.[3]

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: November 5, 2015
       Detroit, Michigan

---

[3]The Court suggest that should venue in this district be found statutorily correct, Varian is unlikely to prevail on its alternative argument regarding a transfer.